is called for moral argument against people v. Jackson. May it please the court. I'm Susan Wilhelm with the Office of the State Appellate Defender, and I represent the defendant, Aaron Jackson. And I'd like to begin today with my second argument, that the trial court erred by allowing the state to impeach Morticia Bell voluntary with the collateral matter of her letter to the trial court and by admitting the highly prejudicial contents of this letter into evidence. Counsel, before you do that, let me ask you, I take it the state's conceding. It's got to go back for a preliminary investigation. Uh, why do we need to go any further? I believe we have to go any further, Your Honor. First of all, although the state has conceded this concession, and although I agree that it should go back for a crankle hearing, I disagree that this court does not have the jurisdiction and the ability to decide the issues in front of it today. I think what this what this comes down to is a good interpretation of people v. Patrick. And when you look at Patrick, Patrick talks about Rule 606 B, and that requires a motion against the judgment. And our position is that this crankle letter triggers the right to a common law inquiry, and it requires the remand. But this court can rule upon the issues before it before the remand for the crankle inquiry. And again, if people be Patrick, I mean, uh, my understanding would be that these other issues would be preserved still. I mean, you wouldn't lose these issues if it went back for a crankle hearing first. No, I don't lose these issues, Your Honor. But if you look at what is really instructive on appeal in the appellate court, the court vacated three of the defendant's convictions based on one act of crime, and then they reversed and reduced conviction to a lesser included offense. And then they address sentencing issues. And then after they did all of those things, they addressed the crankle issue, and they remanded the case with the issues that were remaining with the convictions that were remaining back to the trial court for that preliminary examination into his pro se allegations of ineffective assistance of counsel. And the Illinois Supreme Court upheld that action in Patrick. And that is generally what we see when we look at these crankle cases. When the court has not acted upon a crankle, a crankle letter, a crankle motion, the appellate courts make the rulings on the substantive issues before them, and you remand back what remains if anything remains. This court has. If we do rule on these issues and you lose, then you have lost those issues, right? Those issues could be raised as far as the facts were in those issues. What he's alleging in that crankle hearing is strict, ineffective assistance of counsel. And with the exception of stating that he's ineffective for not preserving an issue on appeal, I have not raised any ineffective assistance of counsel claims in this brief. But if it goes back, and I'm just trying to think through procedurally here. If it goes back for a critical hearing, then crankle counsel would be appointed and have the opportunity to expand on the ineffective assistance of counsel issues, right? Yes. And then is it possible you might have a better record for your issues? It is possible that I would have a better record. Honestly, I'm just one. That's one of the reasons that I'm here today, because even though there is a concession, again, this court is not bound by the concession. I think there is an important question here as to whether this crankle letter, this crankle motion triggers a strict 606 loss of jurisdiction by this court. The way I read it, the court, the trial court has the ability and they could have acted. They could have acted on this motion, and they chose not to because they didn't act. There is a valid notice of appeal, and what this court requires for jurisdiction is a notice of appeal, which you have at this time, and that gives you the ability to rule on the issues before you, some of which would be dispositive. If he wins on any of the issues raised in this brief, he either has no conviction or he gets a new trial, which would make crankle completely irrelevant, because that would be obviously what he's seeking. But I believe that this court does have the jurisdiction inside the issues just as they did in Patrick. You can limit what goes back just as they did in Patrick case. It just says courts have always known when crankle motions get overruled. Would it preserve? I understand your argument, Justice. And I understand your ability, your argument that we have the ability to decide these substantive issues. Looking at this matter as a whole, looking at all the permutations that could come out of a successful crankle hearing, successfully for your client, why wouldn't we be well advised to wait and see how the crankle hearing goes and what could come out of that? Because if your Honor's rule on the reasonable doubt issue, he doesn't have a conviction. No, I realize that. But if we rule against your position on all of those, they're raised judicata, as you said. They're raised judicata, but his trial isn't, the facts of his trial aren't going to change during the crankle hearing. What's going to come out during the crankle hearing is the behavior of his attorney during that trial, which, again, I've only raised in a very limited way as part of getting to a plain error issue, because his attorney didn't object during the prosecutor's closing argument. I haven't raised an overarching, his attorney was ineffective for not doing A, B, or C. That's all within the crankle hearing. So your position basically, given the limited consequences that are possible out of even a favorable resolution of the crankle hearing, it's your professional opinion that you're well advised to go ahead on these other issues. A crankle hearing, at the most, would get my client a new trial. A reasonable doubt reversal would get my client no conviction. If I can return, I'm sorry to interrupt. Sure, go ahead. Norticia Ball should not have been impeached with the letter, which is completely on a collateral matter. A witness cannot be impeached regarding a collateral matter. And if a party questions a witness on a collateral matter, they have to accept the answer they're given. Collateral issues are basically side issues, and they're not important. Norticia was specifically being asked if she was threatened by the former Detective McAfee, and why she failed to reveal these threats when she was interviewed by the police on the day of the shooting. This is a collateral matter. It has no bearing on the main issue of this case, whether she saw Aaron Jackson, and it has no relation to what the state was questioning her on at that point. Basically, the contents of the letter were very prejudicial, and the letter does not address any threats by McAfee. The letter was written five days after the mistrial in the first trial. It has, again, nothing to do with her ability to recall the events on the morning of the shooting. She is just making statements after the mistrial to the trial court. The state says that this is an issue of impeaching a witness for the prior inconsistent statement, but this doesn't meet the test for admissions as substantive evidence. The references to a threat here are hearsay. Norticia says this is what her sister told her happened. So Norticia doesn't have personal knowledge of anything in this letter, and this letter was not written under oath. In fact, Norticia testified under oath that the letter wasn't true, and that she really didn't know why she wrote it. She wrote it because she was mad. She really has distanced herself. This letter cannot meet the test for admission to impeach for the prior inconsistent statement because it simply does not have those safeguards for veracity. And again, there's no connection in this letter to Norticia Ball's interaction with Detective McAfee or her veracity during the police interview the day of the shooting. Norticia had not yet been asked by the state in questioning about any threats from the street or threats from Aaron Jackson, so there was no reason to preemptively impeach her with specific information in the letter. And if you look at people in Chambers, it's directly on point. There, the reviewing court noted that the state did elicit testimony of threats to prove that the witness was afraid. But her fear was not relevant to any of the elements for which the defendant was charged. In Chambers, the state was trying to show why did the defendant come forward to make a statement, and why did her statement actually change? And the court found that the testimony elicited in trial was irrelevant because the threats in Chambers, as the threats here, were communicated long after the witness gave her initial statement, and they could not in any way influence that initial statement. The testimony had little probative value, and the court found it was used to place improper material before the jury under the guise of rehabilitation. And the court in Chambers found that the failure to exclude that evidence was an abuse of discretion because it allowed the jury to hear a testimony of threats, and those threats could have been interpreted as consciousness of guilt for the defendant. The state here was trying to show why Norticia's testimony had changed. And that fact is not in dispute. Norticia kept changing her testimony. She freely admitted she was changing her testimony from the first trial. She said she'd been under the influence, she was now clean and sober, she was doing much better, and she became a very difficult witness for the state. So difficult that their star witness in the first trial is now their hostile witness at their second trial. So the state watched one of their witnesses that they needed to place Aaron Jackson getting out of Mayor Thornton's car, they watched her completely fall apart on the stand, and they needed her to discredit her. They needed to get her to change her testimony. And this allowed the state to force Norticia to say to the jury what she would not testify to. It allowed the state to question her line by line. Did you write that he threatened you? Did you write that you were afraid? Did you write that he killed the mayor? They entered this as substantive evidence not to impeach her, but to totally discredit her on a collateral manner to make her testimony completely discredited. This letter was very powerful evidence for the state. But it was also collateral to the issue for which it was offered. It was irrelevant to the questions before the court, and it was, again, prejudicial. The trial court abused its discretion by allowing that letter to be admitted into evidence at trial, and this issue was preserved. It was preserved in the post-trial motion by objections at the time. And because it was objected to, the state now bears the burden to prove this error harmless, and they can't show that this is a harmless error. Thank you, counsel. Counsel? Counsel, may it please the court. The state will limit its argument to the jurisdictional issue of whether or not the trial court should have taken up defendant's pro se claim of ineffective assistance of counsel. Because if this court finds the trial court retained jurisdiction, then the notice of appeal was premature, and the cause must be remanded to the trial court with instructions to strike the notice of appeal and to conduct an inquiry into the ineffective assistance of counsel claims under Crankle. So you would argue it's an either-or thing. If we say, yep, there's a Crankle issue, we can't decide anything else. Well, the state's opinion is that if this court renders a decision on the remaining arguments, it would be more in the nature of an advisory opinion, because if it's true that the court retained jurisdiction, the trial court retained jurisdiction, then jurisdiction does not lie here. It should be noted that in the People v. Patrick case, a case cited by the defendant, the Illinois Supreme Court noted that once a notice of appeal has been filed, the trial court loses jurisdiction of the case and may not entertain a Crankle motion raising a pro se claim of ineffective assistance. The state disagrees with the defense that Patrick reached the issue of 606B. My reading of the Patrick case is that the Supreme Court did not reach that issue. They instead reached the common law issue of cases from Crankle on down. The Patrick case actually did not address Supreme Court Rule 606B. In this case, the defendant raised 606B and is briefed by opposing counsel, and he argued that the trial court should have stricken the notice of appeal and conducted a Crankle inquiry. A post-judgment motion is timely filed if it is filed within 30 days of defendant's sentencing and under Rule 606B, the notice of appeal has no effect and must be stricken by the trial court. A Crankle motion is, in effect, a motion directed against the judgment. In this case, the defendant was convicted and sentenced on August 27, 2012. He filed a motion for a new trial and a motion to reconsider, which was denied. The notice of appeal was filed on September 7, 2012, but on September 12, 2012, within 30 days, the defendant sent his pro se letter to Judge Wharton. It appears what occurred was the circuit clerk received that letter and failed to forward it to Judge Wharton. Instead, it got file-stamped. I think each and every page, including all of the attachments, got file-stamped, so the judge didn't really have an opportunity to rule on that issue or to hold a Crankle hearing. Based on the language of the Patrick case, it may appear that the trial court lost jurisdiction because the notice of appeal had already been filed, but there are two factors here that distinguish the Patrick case. First, as indicated, the Supreme Court did not address Rule 606B in the Patrick case, and here the defendant invokes Rule 606B. Second, the defendant's letter was file-stamped within 30 days of his conviction and sentence. The conviction and sentence again occurred on August 27, 2012, and his letter was file-stamped on September 12, 2012. Because the defendant's Crankle claim was timely under Rule 606B, the notice of appeal should have been stricken, and the remedy, as the defendant even notes, is a remand to the trial court directing it to strike the notice of appeal and to conduct at least a preliminary inquiry under Crankle. If this court, on the other hand, determines that the notice of appeal should not be stricken and jurisdiction lies here, the state elects to rely on its brief for all of those remaining issues. If the court has no questions on any of that, then I thank you. I don't believe we do. Thank you, Counsel. Counsel? I'll just briefly talk about jurisdiction because it does seem to be the main concern of this court. Counsel quoted from paragraph 39, actually, of Patrick, which said that it cannot be Crankle after a notice of appeal, and I believe, again, that is a limitation on the trial court's ability. The question here is going to be whether a Crankle motion triggers 606B, is a post-trial motion that triggers 606B, or if it's a common law procedure. Here, the trial court did not act. It did not strike the notice of appeal. It allowed this court to retain jurisdiction, and this court has jurisdiction now to entertain questions in the issues raised before it. The status in this case is we don't know that the trial judge ever saw it. We have no indication. I mean, there's no docket entry about it. There was no action taken on it in any way. It just got filed. It got filed, but we do not know. I know I went through the docket entries. Yes, we've gone through the docket entries. There is simply no indication. There's no indication that the judge exercised any discretion, saw it, or did anything. There's no docket entry by a judge, anything about it, no order. Okay. No, there isn't, Your Honor. There's just the fact that it was file stamped. Okay. That seems to be the sole issue before this court. Are there any other questions? I don't believe there are. Thank you. Thank you. We appreciate the briefs and arguments of counsel. The case is under advisement. There are no further oral arguments scheduled. Court is adjourned. Thank you. All rise.